Loving v. Corcoran.

JAMES LOVING V. JOHN T. CORCORAN.

Where the holder of a Peters' Colony headright certificate, in filing the same for location, made an error in one of the calls, he had the right, under the Act of February 1, 1854, to correct the misdescription in the file so as to include the land claimed and intended, provided no innocent third party was misled to his prejudice by the error.

A party who, subsequent to such file, sought to locate the land so misdescribed, and who before his survey had notice of the error and of the intention of the other party to correct it, cannot have been misled to his prejudice by the erroneous call in the file; and could not, by his survey of the land, defeat the right of the other party to correct the error and perfect the appropriation of the land.

ERROR from Dallas. Tried below before the Hon. N. M. Burford.

This was an action of trespass to try title, brought by Loving against Corcoran, for a tract of land in Dallas county.

On 22nd of January, 1855, James Loving, as assignee of Oliver Loving, filed for location on the land in controversy a certificate for an unlocated balance of a Peters' Colony certificate, and his survey was made January 18th, 1856.

The defendant was then in possession of the land, and he informed Loving, when the latter came to make the survey, that he then had in Austin a good file on the land; also at the same time showing to Loving the act of the Legislature on the subject of correcting files, and forbidding him to survey the land. Defend-

ant claimed the land by purchase from J. W. Kern, and had paid for it long before plaintiff's file was made upon it, although Kern's deed to defendant was not made until after the institution of the suit. Kern's original file upon the land, by virtue of his head-right certificate, was made on the 29th of June, 1852; but in making it he described the land as being in range *two* east of the first meridian, when in fact it was in range *three*. On January 21st, 1856, he made a corrected file upon the land in the General Land Office, describing the land properly as being in range *three*, and stating that it was the same land upon which his original file was actually made, but in which the misdescription had occurred as already stated. It was further in proof that Kern had selected the land in controversy as part of his headright in Peters' Colony, and had it surveyed in 1850, but the field notes were lost or mislaid. That the witness, W. H. Kern, had assisted him in making out his original file, and that he intended by it to cover the land in controversy; that he, J. W. Kern, had not claimed any other location as his headright than the tract of which the land in controversy was a part. All the facts relative to the original and corrected files of J. W. Kern were in evidence, and also Corcoran's notification of the same to Loving when the latter came to make his survey.

The plaintiff objected to the introduction of the defendant's evidence, proving the mistake in defendant's original file and the notice to the plaintiff of defendant's claim to the land in controversy, by virtue of his corrected file and his original selection of the land as his headright. The court overruled the objections, and plaintiff excepted.

Verdict and judgment for the defendant; new trial refused, and plaintiff prosecutes his writ of error.

*John J. Good*, for plaintiff in error.—1st. Plaintiff filed with the surveyor on January 22nd, 1855, and by that act secured the land in controversy, from the mass of the public domain, acquiring a vested legal title. (7 Tex. R., 259.)

2nd. It certainly will not be contended that defendant's vendor acquired any title to the land in controversy by merely *selecting*

it as part of his colony headright, or by a survey never recorded, or by an *intention* to appropriate it by file with the agent; or that he had any recorded title to the same until the date of his file with the Commissioner, January 21st, 1856. (Ordinance, sec. 1; Hart. Dig., 85, Art. 2,012, 2,229, 2,234, 2,238; Laws of 4th Leg., 74, sec. 4; Laws of 4th Leg., Extra Ses., 30, sec. 1 and 2.)

3rd. It will not be contended that plaintiff had any notice of the survey made for defendant's vendor, the field notes of which were never recorded; or of his *selection* or of his *intention* to appropriate the land by file with the agent; or that he had any notice whatever of any conflicting claim, until the date of his survey, January 18th, 1856, when told by defendant that he had a good file on the land in Austin, which was in fact untrue.

4th. A file or location should describe the land intended to be appropriated with such certainty that a subsequent locator could with reasonable diligence ascertain its position and locate the adjacent residuum. (2 Wheat. R., 206; 4 Wheat. R., 488; 3 Wash. C. C. R., 81; 10 Tex. R., 398, 437.) The error in the first file was the act of no officer of the State, and he who made it must suffer.

Kern's second file is not a *corrected* file, because not certified to by the surveyor. (Laws of 5th Legislature, 28.)

*Crockett* and *Guess*, for defendant in error.

WHEELER, C. J.—It is evident that the defendant, in designating the land he claimed, made a mistake in one of the calls. There was no such fractional section in range two as that called for and intended, the intention being to call for range three instead of two. It was just such a case as was provided for by the act of the 1st of February, 1854. (Laws of 5th Legislature, p. 28.) Under the provision of the law the defendant had right to correct the mistake, in such a manner as to include the land claimed and intended; provided no innocent third party was misled by the error to his prejudice. The plaintiff, it is true, sought to appropriate the land before the correction was made; but with

notice of the error and intention to correct it. The defendant apprised him that it was his selection, and that he claimed it, and forbade him to make the survey; and at the same time called his attention to the law that entitled him to make the correction in his designation. He therefore was apprised of the mistake and the intention of the defendant to correct it. Under these circumstances he can not have been misled to his prejudice by the erroneous call in the entry, and he could not defeat by his survey the right of the defendant to correct the mistake and complete the appropriation of the land. The judgment is affirmed.

Judgment affirmed.